| | |
|---|---|
| 1 | Michael R. Heimbold (SBN 173981) |
|   | (mheimbold@steptoe.com) |
| 2 | Dylan Ruga (SBN 235969) |
|   | (druga@steptoe.com) |
| 3 | STEPTOE & JOHNSON LLP |
|   | 2121 Avenue of the Stars, Suite 2800 |
| 4 | Los Angeles, CA  90067-5052 |
|   | Telephone:  (310) 734-3200 |
| 5 | Facsimile:  (310) 734-3300 |
| 6 | Stephen J. Zralek, admitted *pro hac vice* |
|   | (szralek@bonelaw.com) |
| 7 | Paul W. Kruse, admitted *pro hac vice* |
|   | (pkruse@bonelaw.com) |
| 8 | BONE MCALLESTER NORTON PLLC |
|   | 511 Union Street, Suite 2100 |
|   | Nashville, TN 37219 |
| 9 | Telephone: (615) 238-6300 |
|   | Facsimile: (615) 238-6301 |
| 10 | |
|   | Attorneys for Defendant and Counter-Claimant, |
| 11 | CENTURY FURNITURE, LLC |

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 | C & C IMPORTS, INC. dba NANCY CORZINE, a California corporation, | Case No.  CV 07-2895 GPS (PLAx) |
| 15 | | |
| 16 | Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) |
| 17 | v. | |
| 18 | CENTURY FURNITURE INDUSTRIES, INC., et al. | |
| 19 | Defendants. | |
| 20 | CENTURY FURNITURE, LLC, a North Carolina Limited Liability company, | |
| 21 | | |
| 22 | Cross-Complainant | |
| 23 | v. | |
| 24 | C & C IMPORTS, INC. dba NANCY CORZINE, a California corporation | |
| 25 | Cross-Defendant | |
| 26 | | |

1

| | |
|---|---|
| 1 | BASED ON THE STIPULATION BETWEEN THE PARTIES, THE |
| 2 | ATTACHED STIPULATION FOR A PROTECTIVE ORDER PURSUANT TO |
| 3 | FED. R. CIV. P. 26(c) **IS HEREBY ORDERED.** |
| 4 | |
| 5 | **IT IS SO ORDERED.** |
| 6 | DATED this 5TH day of MARCH, 2008. |
| 7 | |
| 8 | _____ |
| 9 | Hon. George P. Schiavelli |

Michael R. Heimbold (SBN 173981)
(mheimbold@steptoe.com)
Dylan Ruga (SBN 235969)
(druga@steptoe.com)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052
Telephone: (310) 734-3200
Facsimile: (310) 734-3300

Stephen J. Zralek, admitted *pro hac vice*
(szralek@bonelaw.com)
Paul W. Kruse, admitted *pro hac vice*
(pkruse@bonelaw.com)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 2100
Nashville, TN 37219
Telephone: (615) 238-6300
Facsimile: (615) 238-6301

Attorneys for Defendant and Counter-Claimant,
CENTURY FURNITURE, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & C IMPORTS, INC. dba NANCY CORZINE, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> CENTURY FURNITURE INDUSTRIES, INC., et al. <br> Defendants. | Case No. CV 07-2895 GPS (PLAx) <br><br> **STIPULATION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)** |
| CENTURY FURNITURE, LLC, a North Carolina Limited Liability company, <br> Cross-Complainant <br> v. <br><br> C & C IMPORTS, INC. dba NANCY CORZINE, a California corporation <br> Cross-Defendant | |

1

## STIPULATION FOR PROTECTIVE ORDER

Plaintiff C&C Imports dba Nancy Corzine ("Plaintiff") and Defendant Century Furniture Industries, Inc. ("Defendant") agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information likely will include, among other things, sensitive purchase orders, invoices, financial statements, design materials, and customer information (collectively, "Sensitive Information").

## GOOD CAUSE STATEMENT

The parties respectfully believe that good cause exists to enter the instant Protective Order in order to protect the Sensitive Information from public disclosure. The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. This Protective Order is necessary to prevent such harm to the parties. The parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.  The Parties shall petition the Court for entry of the instant Protective Order for purposes of the above-captioned litigation. This Protective Order will remain in force unless modified by an order of this Court or by a written stipulation of the parties lodged with this Court.

2.  Nothing in this Protective Order will prevent any party from applying to the Court for relief from any of the provisions hereof, or for such further or additional order as the Court may deem appropriate.

3. In responding to a request for discovery, the producing party may designate for confidential treatment pursuant to this Protective Order any documents, testimony or other information the producing party considers in good faith to be, or to reflect or reveal a trade secret, as that term is defined by California Civil Code § 3426.1, or other proprietary information that is not publically available ("CONFIDENTIAL MATERIAL"). Any other party may object to such designation using the procedures noted herein.

4. For purposes of this Order, "CONFIDENTIAL MATERIAL" means and includes all non-public, confidential or proprietary information or material, whether personal or business related, which is produced for or disclosed to a receiving party. Such information includes, but is not limited to, the following: sensitive purchase orders, invoices, financial statements, design materials, and customer information. CONFIDENTIAL MATERIAL may be embodied, among other things, in physical objects, documents (whether in hard copy or computer readable form), deposition testimony, interrogatory answers, response to request for admissions and/or production, or the factual knowledge of persons ("Discovery Materials"). CONFIDENTIAL MATERIAL must be so designated by the producing party in the manner set forth hereinafter, or otherwise agreed to in writing by the parties. Documents or other disclosures designated CONFIDENTIAL MATERIAL shall be available only to those persons identified in Paragraph 11, below.

5. CONFIDENTIAL MATERIAL that includes information relating to trade secrets, as that term is defined in California Civil Code § 3426.1, may be additionally designated "ATTORNEYS EYES ONLY." Documents or other disclosures designated CONFIDENTIAL MATERIAL - ATTORNEYS EYES ONLY shall be available only to those persons identified in Paragraph 12, below. The parties agree to use reasonable care when designating any documents or information as CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY.

1. Nothing in this Order shall prevent a receiving party from contending that any or all documents designated as CONFIDENTIAL MATERIAL- ATTORNEYS EYES ONLY have been improperly designated.

6. A receiving party may at any time request that the producing party change any CONFIDENTIAL MATERIAL - ATTORNEYS EYES ONLY designation to CONFIDENTIAL MATERIAL, or to remove the CONFIDENTIAL designation entirely. Such a request shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or other disclosure that the receiving party contends have been improperly designated as CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY. The parties will use their best efforts to informally resolve any disputes concerning a producing party's designation.

7. If agreement cannot be reached, the receiving party may file a motion, pursuant to Local Rule 37, asking the Court to remove the CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY designation. The producing party will have the burden of establishing the applicability of the CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY designation to the particular document or information at issue. A failure of the receiving party to challenge a CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY designation will not constitute a waiver of the right to assert at any subsequent time that the same has been improperly made for any reason pursuant to this Order. If such a Motion is made 90 days from the receipt of the designated material, the designating party has the initial burden of demonstrating that the material is indeed privileged and/or protected  If such Motion is made after the 90 day period has elapsed, the moving (non-designating) party has the initial burden of demonstrating a legitimate need for modification of the designation.

8. CONFIDENTIAL MATERIAL or material designated

CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY shall be used solely for the purpose of prosecuting or defending this action and for no other purpose, including, but not limited to, any competitive business or commercial purpose.

9. The designation of any information disclosed through discovery in this action shall be made in the following manner:

(a) Any document or tangible thing containing or including any CONFIDENTIAL MATERIAL may be designated as such by the producing party by marking it with the legend "CONFIDENTIAL" near the bates number, if practical, on each page containing CONFIDENTIAL MATERIAL (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies prior to or at the time copies are furnished to the receiving party.

(b) Any document or tangible thing containing or including any CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY may be designated as such by the producing party by marking it with the legend "CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY" near the bates number, if practical, on each page containing CONFIDENTIAL MATERIAL (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies prior to or at the time copies are furnished to the receiving party.

(c) With respect to deposition testimony or other pretrial testimony:

(i) by a statement on the record at the time of such disclosure by counsel for the deponent that such testimony is CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY, or

(ii) by written notice, sent by counsel for the deponent to all counsel for all parties on or before the end of the thirty (30) days after receiving a copy of the transcript thereof;

(d) All documents and other physical materials produced and all deposition transcripts prepared in the action shall be deemed to be CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS

EYES ONLY in their entirety until the end of thirty (30) days after their receipt by counsel to whom the material is delivered. Thereafter, only those portions of the documents and other physical materials produced and the deposition transcripts prepared in the action which have been designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY will be treated as such pursuant to the provisions of this Protective Order;

10. CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY will be maintained solely by counsel for the party to whom it is produced.

11. Documents designated CONFIDENTIAL MATERIAL and information contained therein may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties to this action who have agreed to this Protective Order by signing directly or through counsel;

(b) outside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the representation for use in accordance with this Protective Order;

(c) experts and consultants who are not employed by, were not employed by, are not anticipated to be employed in the next twelve (12) months by, and are not otherwise affiliated with, any of the parties to the action and who have been engaged to assist counsel for any of the parties ("Technical Advisors") who are assisting outside counsel in this action;

(d) the Court in this action;

(e) any actual deponent or witness in this action who:

(i) has previously received the CONFIDENTIAL MATERIAL in his or her capacity as a director, officer or employee of the party who produced the material;

    (ii) has been informed previously of the CONFIDENTIAL MATERIAL in his or her capacity as a director, officer or employee of the party who produced the material; or

    (iii) is currently employed by the party that produced the CONFIDENTIAL MATERIAL;

  (f) the court reporter engaged to report a deposition in which CONFIDENTIAL MATERIAL is disclosed and any service bureau. A "service bureau" is a person, agency or organization that is independent of the parties and is engaged by counsel of record to perform clerical, copying, bate stamping, document handling, stenographic, computer data entry or other litigation support services.

12. Documents designated CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY and information contained therein may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

  (a) outside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the representation for use in accordance with this Protective Order;

  (b) Technical Advisors who are assisting outside counsel in this action;

  (c) the Court in this action;

  (d) any actual deponent or witness in this action who:

    (i) was the author of the material designates as CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY;

    (ii) is currently employed by the party that produced the material designated as CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY;

(e) the court reporter engaged to report a deposition in which material designated as CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY is disclosed and any service bureau. A "service bureau" is a person, agency or organization that is independent of the parties and is engaged by counsel of record to perform clerical, copying, bate stamping, document handling, stenographic, computer data entry or other litigation support services.

13. [Except for the Court and its personnel,] The parties described above in Paragraphs 11(a)-(f) and 12(a)-(e) are prohibited from disclosing, summarizing, describing, characterizing or otherwise communicating material designated as either CONFIDENTIAL MATERIAL OR CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, directly or indirectly, except in accordance with the terms of this Protective Order.

14. In the event that deposition testimony is designated CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY pursuant to Paragraph 9(c), all persons not identified in Paragraph 12 shall be excluded from the deposition and shall not re-enter until the designating party agrees that the testimony is no longer confidential and does not warrant the protection of the CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY designation. However, parties opposing a CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY designation reserve the right to promptly challenge said designation, pursuant to the procedure set forth in Paragraph 7. For the purposes of the deposition to take place of Rule 30(b)(6) witness Richard Reese on February 7, 2008, Century anticipates that it will seek to exclude Plaintiff from the deposition for those questions which deal with the actual numbers concerning costs and expenses of manufacture, sale and marketing of the furniture which is at issue in this case, and Plaintiff's counsel is free to summarize the total net profits for Plaintiff.

15. Notwithstanding the terms of Paragraphs 11 and 12, the undersigned counsel may agree in writing to allow material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY to

be disclosed to a person or entity not listed Paragraphs 11(a)-(f) or 12(a)(e). The parties agree to meet and confer in good faith in the event that a party wishes to disclose material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY to a person or entity not listed Paragraphs 11(a)-(f) or 12(a)(e). The terms of this Protective Order apply equally to the parties themselves as to their counsel in this action.

16. Before any material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, or information contained therein, may be disclosed to any person described in subparagraphs 11(c) or 12(b), that person shall be required to agree in writing or on the record to adhere to the terms of this Protective Order. Nothing contained in this Stipulation and Protective Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this action.

17. Anyone who intends to disclose, summarize, characterize, otherwise communicate, give access to or make available CONFIDENTIAL MATERIAL or material designated as CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY to any person described in subparagraphs 11(c), 11(f), 12(b), and/or 12(e) must:

(a) advise the person that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any other person except pursuant to the terms hereof; and

(b) require the person to commit, in writing or on the record, to abide by and be bound by the terms of this Protective Order, by for example, executing a Confidentiality Agreement substantially in the form of Attachment A hereto.

18. Counsel for any party submitting to or lodging or filing with the Court any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY or any paper which contains, reflects or reveals CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY, shall apply to the Court to file all such documents under seal pursuant to Local Rule 79-5.

19. Entering into, agreeing to or producing or receiving CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission that any particular CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY contains or reflects trade secrets or any other type of proprietary information;

(b) operate as an admission that any particular CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY is relevant or admissible at trial, or prejudice in any way the rights of a producing party to object to the production or admissibility of any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY; or

(c) prevent the parties to this Protective Order from agreeing in writing to amend, alter or waive the provisions or protections provided for herein with respect to any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY.

20. This Protective Order has no effect upon, and shall not apply to any producing party's use of its own CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY for any purpose.

21. If a document or other information is inadvertently produced without any designation of confidentiality, a party nevertheless may assert the confidentiality of the document or other information and the parties must thereafter treat the document or other information as CONFIDENTIAL MATERIAL or

1  CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY, as asserted. After
2  such an assertion, each party shall affix the legend "CONFIDENTIAL" or
3  "CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY" to each copy of the
4  newly designated document or other information in its possession and shall make all
5  reasonable efforts to ensure that every entity or individual to whom that party has
6  disclosed the information also affixes the appropriate legend to each copy of the
7  newly designated document or other information in its possession.
8       22.   In the event of disclosure of any CONFIDENTIAL MATERIAL or
9  CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY to a person not
10 authorized to receive it under the terms of this Protective Order, the party
11 responsible for having made, and any party with knowledge of, such disclosure shall
12 immediately inform counsel for the producing party of all information concerning
13 the nature and the circumstances of the disclosure. The responsible party also must
14 promptly take all reasonable measures to ensure that no further or greater
15 unauthorized disclosure of such information or materials is made by anyone, and
16 each party will cooperate in good faith in that effort.
17      23.   In the event any additional party joins or is joined in this action, the
18 newly joined party shall not have access to CONFIDENTIAL MATERIAL until the
19 newly joined party, by its counsel, has executed and filed with the Court its
20 agreement to be bound fully by this Order by executing and delivering to the parties
21 hereto an agreement to be bound by its terms. At no time will a party have access to
22 CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY.
23      24.   Within thirty (30) calendar days after the conclusion of this action in its
24 entirety, all persons receiving CONFIDENTIAL MATERIAL or CONFIDENTIAL
25 MATERIAL-ATTORNEYS EYES ONLY must either return such material and all
26 copies thereof to counsel for the party that produced it, and certify that fact by
27 affidavit, or must destroy all such material in a manner that ensures that such
28 material will not be disclosed to other person and shall certify the fact by affidavit.

1  Counsel for the parties are entitled to retain all court papers, deposition and trial
2  transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work
3  product (except for certain litigation database, as set forth in the third sentence in
4  this paragraph), including materials containing, quoting, discussing or analyzing
5  CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS
6  EYES ONLY, provided that such outside counsel, and employees of such outside
7  counsel, shall not disclose such court papers, deposition and trial transcripts,
8  exhibits or attorney work product to any person except on reasonable notice to the
9  producing party and pursuant to a court order, or agreement by the producing party.
10 Litigation databases (or portions of databases) containing either the full text of
11 CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS
12 EYES ONLY or abstracts thereof must be disposed of in accordance with the first
13 sentence of this paragraph, except to the extent such databases contain the materials
14 described in the second sentence of this paragraph. All materials returned to the
15 parties or their counsel by the Court likewise shall be disposed of in accordance with
16 this paragraph. "Conclusion of this action" means after all appeal periods have
17 expired or after the execution of a settlement among all the parties finally disposing
18 of this action.
19       25.   In the event that any person ceases to be engaged in the litigation
20 and/or settlement of this action, such person's access to documents, testimony and
21 information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL
22 MATERIAL-ATTORNEYS EYES ONLY shall be terminated. However, the
23 provisions of this Protective Order shall remain in full force and effect as to any
24 person or party who has obtained access to documents, testimony or information
25 designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-
26 ATTORNEYS EYES ONLY hereunder, except as may be specifically ordered by
27 the Court or consented to by the producing party. In addition, any such person who
28 ceases to be engaged in the litigation and/or settlement of this action and who has

1  had access to documents, testimony or information designated as CONFIDENTIAL
2  MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY must
3  return or destroy such material in accordance with Paragraph 21 of this Order.
4       26.    CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-
5  ATTORNEYS EYES ONLY and all copies or reproductions thereof in the
6  possession of counsel shall be maintained in a secure manner with reasonable
7  precautions taken to ensure that access is restricted to persons entitled to have such
8  access pursuant to this Protective Order.
9       27.    If the production of CONFIDENTIAL MATERIAL or
10 CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY is sought by means of
11 legal process, the recipient of the legal process shall (a) notify the originator of the
12 CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS
13 EYES ONLY and (b) cooperate with the originator of the CONFIDENTIAL
14 MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS EYES ONLY to use
15 all reasonable legal means to avoid production or, in the alternative, insure that
16 production is subject to this Protective Order or similar provisions of confidentiality
17 and non-disclosure.
18       28.    In order to facilitate the prompt exchange of documents, the terms of
19 this Protective Order are binding on a party and their Technical Advisors
20 immediately upon signing this Protective Order. When and if this Protective Order
21 is entered by the Court, such entry shall be deemed retroactive to the date of
22 execution this Protective Order signed by representatives for all parties.
23       29.    Documents designated CONFIDENTIAL MATERIAL or
24 CONFIDENTIAL-ATTORNEYS EYES ONLY may be used by any party without
25 limitation at trial. However, any party who wishes to have such documents treated
26 as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY during trial
27 may renew their request for confidentiality before the trial judge at the status
28 conference and/or through a motion in limine.

1  30.  Miscellaneous

2  A.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Moreover, this Stipulation and Protective Order shall not preclude or limit any party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.

10  B.  Nothing in this Stipulation and Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

16  C.  The Stipulation and Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for a modification of this Protective Order or further protective orders, or from agreeing between themselves to modification of this Protective Order.

20  ///
21  ///
22  ///

# ATTACHMENT A

# CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge, that I have read a copy of the Stipulated Protective Order ("Protective Order") entered in this case (-_____) on _____, 2008 and that during my participation in this case, I may have occasion to read or hear confidential matters which are designed "Confidential Material" or "Confidential Material - Attorneys Eyes Only", I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of the same under the provisions of such Protective Order; agree to use any such confidential matter solely for the purposes appropriate to my participation in this case; and agree to abide by said Protective Order in every respect, and to submit to the Court's jurisdiction so that my agreement may be enforced. I further understand that a violation of this Protective Order may be punishable as a contempt of court.

Dated: _____

_____
Signature

_____
Print Name